IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENERAL RE LIFE CORPORATION, | |
| Plaintiff, | Civil Action No. |
| v. | _____ |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | |
| Defendant. | |

**GENERAL RE LIFE CORPORATION'S PETITION TO CONFIRM THE FINAL ARBITRATION AWARD AND VACATE THE ARBITRATORS' PURPORTED CLARIFICATION OF THE FINAL AWARD**

General Re Life Corporation ("Gen Re"), by and through its attorneys, hereby submits its Petition to Confirm the Final Arbitration Award and Vacate the Arbitrators' Purported Clarification of the Final Award ("Petition"). In support of its Petition, Gen Re states as follows:

**Nature of Proceeding**

1. This Petition arises out of an arbitration between Gen Re and The Lincoln National Life Insurance Company ("Lincoln") stemming from a disagreement regarding Gen Re's reinsurance of life insurance policies issued by Lincoln.

2. A majority of the arbitrators issued a Final Arbitration Award on July 1, 2015 ("Final Award"). Nearly four months thereafter and over Gen Re's objection, a different majority of the arbitrators issued a purported "Clarification of Final Arbitration Award" dated November 19, 2015 ("Clarification"). Through this Petition, Gen Re seeks confirmation of the

{W2625528}

Final Award and vacatur of the Clarification pursuant to Sections 9 and 10 of the Federal Arbitration Act ("FAA"), respectively.

## Parties

3. Gen Re is a corporation organized under the laws of the State of Connecticut with its principal place of business located in Stamford, Connecticut.

4. Upon information and belief, Lincoln is a corporation organized under the laws of Indiana with its principal place of business located in Radford, Pennsylvania.

## Jurisdiction and Venue

5. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as the citizenship of the parties is diverse and the amount in controversy exceeds $75,000, exclusive of attorneys' fees and costs.

6. Personal jurisdiction over Lincoln exists because the transaction at issue was performed in Connecticut and because Lincoln regularly transacts business in Connecticut.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

## Factual Background

8. Gen Re entered into an Automatic Self-Administered YRT Reinsurance Agreement (the "Agreement") with Lincoln effective January 1, 2002. Under the Agreement, Gen Re reinsured a portion of various individual life insurance products issued by Lincoln.

9. Pursuant to Exhibit C-1 to the Agreement, Gen Re had a unilateral right to increase the reinsurance premiums so long as the new rates were based solely on a "change in anticipated mortality."

10. In the event Gen Re exercised its right to raise rates, however, the Agreement allowed Lincoln to "recapture" its life insurance policies, *i.e.*, to terminate the reinsurance going

forward rather than pay the increased premiums. The Agreement did not provide a specific methodology for implementing this right of recapture.

11. In March 2014, Gen Re exercised its right to increase the reinsurance rates effective April 1, 2014. In response, Lincoln demanded arbitration.

12. On July 1, 2015, a majority of the arbitrators issued the Final Award.

13. On November 19, 2015, a different majority issued the Clarification.

## Relief Sought Under the FAA

14. The FAA governs the parties' dispute because the Agreement involves interstate commerce.

15. Pursuant to Section 9 of the FAA, a Court must confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 [of the FAA]." 9 U.S.C. § 9.[1]

16. The FAA requires that a party serve a motion to "vacate, modify, or correct" an award "within three months after the award is delivered or filed." 9 U.S.C. § 12. That time period has expired, and Lincoln cannot now move to vacate, modify, or correct the Final Award. This Court should therefore confirm the Final Award.

17. Section 10 of the FAA provides that a Court may vacate an arbitration award where "the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).

18. The majority exceeded its powers when issuing the Clarification. **First**, the Final Award determined all issues submitted to the arbitrators for decision, rendering it unquestionably

---

[1] Additionally, the Agreement permits either party to "petition any court having jurisdiction over the parties to reduce the decision to judgment."

final and the arbitrators *functus officio* and without jurisdiction to reconsider the Final Award as of July 1, 2015.

19. **Second**, while the arbitrators purported to "clarify" an "ambiguity" in the Final Award, the Clarification did not do so because no ambiguity existed. **Third**, even if clarification was permitted, the Clarification constituted an impermissible modification of the Final Award. **Fourth**, the Clarification was not issued within a reasonable period of time, rendering it procedurally improper. Accordingly, this Court should vacate the Clarification.

20. To facilitate the Court's consideration, Gen Re has contemporaneously filed a Memorandum in Support of its Petition and has appended Exhibits 1-20 to the accompanying Declaration of Eric A. Haab.

**WHEREFORE**, Gen Re respectfully requests that this Court:

1. Confirm the July 1, 2015 Final Arbitration Award pursuant to 9 U.S.C. § 9;

2. Vacate the November 19, 2015 Clarification of Final Arbitration Award pursuant to 9 U.S.C. § 10;

3. Award Gen Re such other and further relief as this Court deems just and proper.

Dated: December 22, 2015

                GENERAL RE LIFE CORPORATION

                By: /s/ Brian A. Daley
                    Marc J. Kurzman (ct01545)
                    Brian A. Daley (ct24550)
                    Carmody Torrance Sandak & Hennessey, LLP
                    707 Summer Street
                    Stamford, CT 06901
                    mkurzman@carmodylaw.com
                    bdaley@carmodylaw.com
                    Tel: (203) 425-4200
                    Fax: (203) 325-8608
                    *Its Attorneys*