# EXHIBIT A

Case 3:15-cv-01860-VAB   Document 6   Filed 12/22/15   Page 1 of 6

*In the Matter of the Arbitration Between*  )   Arbitration Panel:
THE LINCOLN NATIONAL LIFE INSURANCE   )   Barbara Niehus (Umpire)
COMPANY,                              )   Thomas M. Zurek
        Claimant,                  )   Denis W. Loring
                                    )
        and                         )
                                    )
GENERAL RE LIFE CORPORATION           )
                                    )
        Respondent.                 )

## CONFIDENTIALITY AGREEMENT

1. The parties intending to be bound by this agreement are:

    a. The Lincoln National Life Insurance Company and its parent corporation, subsidiaries, affiliates, agents, employees, officers and directors (collectively, "Lincoln National").

    b. General Re Life Corporation and its parent corporation, subsidiaries, affiliates, agents, employees, officers and directors (collectively, "Gen Re").

2. Except as provided in Paragraph 3 below, and absent written agreement between the parties to the contrary, Lincoln National and Gen Re agree that all briefs, depositions and hearing transcripts generated in the course of this arbitration, documents created for the arbitration or produced in the proceedings by the opposing party or third-parties, final award and any interim decisions, correspondence, oral discussions and information exchanged in connection with the proceedings (hereinafter collectively referred to as "Arbitration Information") will be kept confidential. This Confidentiality Agreement will remain in effect even after conclusion of the arbitration proceedings.

3. Disclosure of Arbitration Information may be made: (a) to the extent necessary to obtain compliance with any interim decisions or the final award herein, or to secure payment from retrocessionaires; (b) in connection with court proceedings relating to any aspect of the arbitration, including but not limited to motions to confirm, modify or vacate an arbitration award; (c) as is necessary in communications with auditors retained by any party, or federal or state regulators; (d) as is necessary to comply with subpoenas, discovery requests or orders of any court; and (e) to the extent Arbitration Information is already lawfully in the public domain. Any disclosures pursuant to subparagraphs (a) or (c) shall be accompanied by a copy of this Confidentiality Agreement and an instruction to any recipient to maintain the confidentiality of all Arbitration Information. In connection with any disclosures pursuant to subparagraph (b), the parties agree, subject to court approval, that all submissions of Arbitration Information to a court shall be sealed. If any party is requested or required under subparagraph (d) to disclose Arbitration Information, subject to any applicable legal restrictions, that party will give written

notice to the other(s) as soon as possible after the subpoena, discovery request or court order is received. In all contexts, all parties will make good-faith efforts to limit the extent of the disclosures, if any, to be made, and will cooperate with each other in resisting or limiting disclosure of Arbitration Information.

4. For the purpose of conducting this arbitration, Arbitration Information may be disclosed as needed or appropriate to the following persons only:

>  a. the arbitration panel, who evidence by their execution hereof their undertaking to maintain Arbitration Information in confidence as set forth herein;
>
>  b. counsel for a party or employees of counsel's law firm who are assisting counsel;
>
>  c. employees and agents of the parties for purposes consistent with this agreement;
>
>  d. any party's deposition or trial witness;
>
>  e. any person retained by counsel for a party to assist in this arbitration; provided, however, that such person shall agree to be bound by the terms of this Confidentiality Agreement as if that person were a party, and shall so acknowledge by executing, prior to receipt of or access to Arbitration Information, an affidavit in the form attached hereto as Exhibit A; or
>
>  f. any non-party deposition or trial witness; provided, however, that such person shall agree to be bound by the terms of this Confidentiality Agreement as if that person were a party, and shall so acknowledge by executing, prior to receipt of or access to Arbitration Information, an affidavit in the form attached hereto as Exhibit A.

5. If a party is requested or required to disclose Arbitration Information, subject to applicable legal restrictions, that Party will: 1) notify the other party in writing as soon as possible after the subpoena, request or court order is received, to permit the other party to seek legal protection against any such disclosure; and 2) tender the defense of that demand to the party that produced the Arbitration Information, or permit that party to associate in the defense of that demand. Unless the demand has been timely limited, quashed or extended, the obligated party will thereafter be entitled to comply with such demand, request or court order to the extent required by law. If requested by any other party, the obligated party will cooperate (at the expense of the requesting other party) in the defense of a demand.

6. The parties recognize that serious injury could result to any party and its business if the other party breaches its obligations under this Agreement. Therefore, each party agrees that all parties will be entitled to seek a restraining order, injunction or other equitable relief if another party breaches its obligations under this Agreement, in addition to any other remedies and damages that would be available at law or equity.

7. Nothing herein is intended to restrict the parties from disclosing Arbitration Information in connection with a subsequent arbitration between the parties pursuant to the provisions of

Automatic Self Administered YRT Reinsurance Agreement Non. 3858 so long as such disclosure is permitted by the arbitrators in the subsequent arbitration and provided that such disclosure is subject to a confidentiality agreement in a form substantially similar to this Agreement.

Members of the Panel:

Arbitrator: Thomas M. Zurek

Arbitrator: Denis W. Loring

Umpire: Barbara Niehus

AGREED:

Arbitrator: _[signature]_

Arbitrator: _[signature]_

Umpire: _[signature]_

AGREED:

_[signature]_ for The Lincoln National Life Insurance Company, Claimant

_[signature]_ for General Re Life Corporation, Respondent

Dated: 2/18/15

EXHIBIT A

| | |
|---|---|
| *In the Matter of the Arbitration Between* )<br>THE LINCOLN NATIONAL LIFE INSURANCE )<br>COMPANY, )<br>                Claimant, )<br> )<br>      and )<br> )<br>GENERAL RE LIFE CORPORATION )<br> )<br>                Respondent. ) | Arbitration Panel:<br>Barbara Niehus (Umpire)<br>Thomas M. Zurek<br>Denis W. Loring |

## AFFIDAVIT

_____, being duly sworn, deposes and says:

1. I live at _____

2. I am employed as (position) by (name and address of employer), _____

3. I am aware that the parties to In the Matter of the Arbitration Between Lincoln National Life Insurance Company and General Re Life Corporation have entered into a Confidentiality Agreement dated _____. I have received and read a copy of that Confidentiality Agreement.

4. I agree to review or otherwise use the material produced in the instant arbitration by _____ only under supervision of a party's counsel and only in connection with this particular arbitration.

5. I agree that I am bound by the terms of the Confidentiality Agreement as though I were a party to the arbitration, and I will not disclose to or discuss with any person, other than those permitted access to such material under the Confidentiality Agreement, material produced by the parties or any third party herein.

(Signature)_____
Sworn to before me this _____ day of _____, 2015.

_____
Notary Public (SEAL)