IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

_____
                                        )
GENERAL RE LIFE CORPORATION,            )
                                        )
                Plaintiff,              )        Case No. 3:15-cv-01860-VAB
                                        )
        v.                              )
                                        )
THE LINCOLN NATIONAL LIFE INSURANCE     )
COMPANY,                                )
                                        )
                Defendant.              )
_____)

**GENERAL RE LIFE CORPORATION'S (1) REPLY TO LINCOLN NATIONAL'S OPPOSITION TO PETITION TO CONFIRM THE FINAL ARBITRATION AWARD AND VACATE THE ARBITRATORS' PURPORTED CLARIFICATION OF THE FINAL AWARD, AND (2) OPPOSITION TO LINCOLN NATIONAL'S CROSS-PETITION TO CONFIRM ARBITRATION AWARD AS CLARIFIED**

General Re Life Corporation ("Gen Re") respectfully submits this reply to Defendant Lincoln National Life Corporation's ("Lincoln's") Opposition to Gen Re's Petition to Confirm the Final Arbitration Award and Vacate the Arbitrators' Purported Clarification of the Final Award ("Opposition"), and opposition to Lincoln's Cross-Petition to Confirm the Arbitration Award as Clarified ("Cross-Petition").[1]

In opposing Gen Re's Petition, Lincoln seeks to retain the financial benefits of a wholesale change to a final, unambiguous arbitration award issued long after the arbitration had concluded. Because it is unable to identify any ambiguity in the Final Award, Lincoln instead suggests that the Court presume that the Final Award was somehow ambiguous merely because Lincoln supposedly "interprets" the Final Award differently than Gen Re. ▉▉▉▉▉▉▉▉▉▉

---

[1] As detailed in Gen Re's contemporaneously filed Motion to Seal, compelling reasons support filing portions of this brief under seal. Accordingly, Gen Re has publicly filed a redacted brief, and has filed an unredacted version conditionally under seal.

███████████████████████████████████████████████████

███████████████████████████████████████████ Lincoln

is wrong.

As expressed in the longstanding *functus officio* doctrine, the Court fulfills an important jurisdictional function in reviewing and circumscribing changes to final arbitration awards after they have been issued.   Just as courts are subject to bright-line jurisdictional limitations concerning the reconsideration of judgments,  an arbitrator's authority is subject to crucial limits regarding the conclusion of proceedings.   No party could ever rely with confidence on the finality of an arbitration if parties could persuade arbitrators to issue wholesale changes to a final determination on the merits merely by entitling the change a "clarification"—as happened here. This Court thus can and should independently review the operative language in the Final Award to assess for itself whether the Final Award truly was ambiguous.



Because the Final Award was not ambiguous, and because the Panel impermissibly reversed its Final Award on the merits, the Court should vacate the Panel's purported "clarification."

I.   **Because The Final Award's ████████████ Was Not Ambiguous, the Panel Lacked Authority to Issue the Clarification under the *Functus Officio* Doctrine**

a.   **The *Functus Officio* Doctrine Must Be Strictly Enforced**

Contrary to Lincoln's assertions, the *functus officio* doctrine is not "disfavored" and "outdated" (Opp'n at 7), but rather promotes and protects core tenets of dispute resolution. Lincoln agrees that "[t]he doctrine of *functus officio* provides that once arbitrators have finally decided the issues before them, their duties are discharged and their authority ends." (Opp'n at 7.) The *functus officio* doctrine thereby ensures finality.  *See Teamsters Local 312 v. Matlack, Inc.*, 916 F. Supp. 482, 485 (E.D. Pa. 1996) (stating that the "principle of *functus officio* is predicated on the need for finality"). In doing so, it prevents the loser from pursuing endless, expensive post-award proceedings, and ensures that parties can rely upon the binding nature of final awards.

Just as litigants understand and rely upon the limited circumstances and time frames in which a court may amend or reconsider a judgment after it is issued, courts must respect and promote these same principles in reviewing arbitration awards.  Thus, while an exception to the *functus officio* doctrine permits a panel to "clarify an ambiguity" in a final award, this exception must be strictly construed to permit only clarification of true ambiguities.  Absent such an approach, the exception would swallow the rule, eviscerating the doctrine of *functus officio* and undermining the finality of arbitration awards.

b.   **The Final Award's ████████████ Was Not Ambiguous**

Lincoln does not and cannot identify any true ambiguity in the Final Award. An ambiguity exists only where a term or phrase is capable of different but equally plausible meanings. *See Hartford Fire Ins. v. Dollar Tree Stores, Inc.*, 2006 U.S. Dist. LEXIS 982, at *10 (D. Conn. Jan. 4, 2006) (stating that ambiguity arises where language "is susceptible to more

than one reasonable interpretation"). ████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████

        ████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

████████████████████

        ████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████████████████



Accordingly, the "clarification" must be vacated.[2]

### c. Lincoln's Mere "Disagreement" with the Final Award Does Not Demonstrate An Ambiguity Exists

In an effort to avoid vacatur of the "clarification," Lincoln asserts that an ambiguity

exists ████████████████████████████████████████

████████████████████████████████████████ But mere disagreement regarding the

meaning of a term or phrase does not demonstrate that ambiguity exists. *See, e.g., Lee v. BSB

Greenwich Mortgage Ltd. P'ship*, 267 F.3d 172, 179 (2d Cir. 2001) ("[A]ny ambiguity . . . must

emanate from the language used . . . rather than from one party's subjective perception of the

terms."); *Hunt, Ltd. v. Lifschultz Fast Freight, Inc.*, 889 F.2d 1274, 1277 (2d Cir. 1989)

("Language whose meaning is otherwise plain does not become ambiguous merely because the

parties urge different interpretations in the litigation."); *see also United States v. Triumph

Capital Grp., Inc.*, 260 F. Supp. 2d 470, 475 (D. Conn. 2003) ("A statute is not ambiguous

merely because the parties interpret it differently."). Indeed, if a party could establish an

ambiguity merely by asserting a different view than its opponent, there would be no limit to a

---

[2] ████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

panel's authority to change final awards.  It is particularly important that a reviewing court discount the alleged "disagreement" between the parties in evaluating whether an ambiguity exists given the economic self-interest of the party claiming the difference of opinion.

██████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████  ██████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████  Lincoln's  manufactured

"disagreement" is precisely the peril the *functus officio* doctrine was designed to prevent.

### d.  The Panel's "Clarification" Is Not Irrefutable Evidence of Ambiguity

██████████████████████████████████████████████████

██████████████████████████████████████████████  As

---

[3] Lincoln's suggestion that the proper recapture methodology was not arbitrated and decided by the Panel is demonstrably wrong. (Opp'n, p. 2 n. 5)  Gen Re repeatedly argued for the Paid Recapture Methodology in its pre-hearing briefs, closing arguments and in the proposed Final Awards.  Lincoln opted not to introduce any testimony on the issue because it apparently feared that doing so would detract from the strength of its primary defense—which was that no rate increase was warranted.

expressed above, however, the *functus officio* doctrine vests the Court with essential independent oversight.   Lincoln's reliance on *AP Seating USA, LLC v. Circuit of the Americas LLC*, an unpublished decision from the Western District of Texas, to support its argument is unpersuasive.   In *AP Seating*, both parties *agreed to request a clarification from the Panel*. 2014 WL 3420805, at *1 (W.D. Tex. July 10, 2014).   When the losing party later challenged the clarification, the court naturally deferred to the arbitrators, stating that the losing party "must now live with the clarification it requested and received." *Id.* at *3.   Those facts are inapposite.[4]

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██

---

[4] Lincoln also asserts that courts routinely affirm the authority of arbitral panels to issue a clarification. This statement and the *Sterling China* case upon which Lincoln relies only apply to awards wherein a true ambiguity exists. Because no such ambiguity is present here, this generalized statement and Lincoln's supporting authority are inapposite. *See supra* sections I.A and I.B.

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████

**II.   The Panel's Wholesale Rewriting of the Final Award Undermines the Argument that the Panel Merely "Clarified" Its Intent**

Lincoln falsely contends that "Gen Re can point to nothing in the Clarification that changes the Award." Opp'n at 14. ███████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████

███████████████████████████████████ Under the *functus officio* doctrine, a Panel's clarification may only "interpret[] the Panel's intent," and may not modify, amend, or revise a Final Award. (Gen Re's Mem. at 15, 17.) Indeed, Lincoln does not dispute the "truism

that a panel may not modify a final award." (Opp'n at 15 fn. 13.) *See, e.g.*, *Arrowood Indem. Co.*

*v. Trustmark Ins. Co.*, 938 F. Supp. 2d 267, 274 (D. Conn. 2013), *aff'd* 560 F. App'x 75 (2d Cir.

2014) (rejecting clarification where it materially changed award); *Am. Centennial Ins. Co. v.*

*Arion Ins. Co.*, No. 88 CIV 1665, 1990 WL 52295 (S.D.N.Y. Apr. 18, 1990) (vacating

clarification that modified original award).[5] ████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████   ██████████████████████████████████

████████████████████████████████████████████

## III.  Confirmation of the Final Award Will Not Result in an Ongoing Disagreement

Lincoln feigns that the parties will be left with a disagreement ████████████████

███████████████████████████████████████. ██████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

██.[6]

---

[5] Lincoln asserts both *Arrowood* and *American Centennial* are "inapposite," but does not dispute that both cases stand for the proposition that—like here—a panel may not modify a final award under the guise of a clarification.

[6] Lincoln's Cross-Petition merely seeks the inverse of Gen Re's requested relief, and therefore does not require a separate response. To the extent a formal response is required, however, Gen Re admits paragraphs 23, 26, 27, 29, 30, 31, 45, 46, 48, 49, and 50 of Lincoln's Cross-Petition, and denies paragraphs 22, 24, 28, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 47, 51, and 52. No response is required to paragraphs 21 and 25, but, to the extent required, Gen Re denies same. Gen Re further denies that Lincoln should be awarded its requested relief, and denies that confirmation of the clarified Final Award is appropriate.

**IV.    Conclusion**

For the foregoing reasons, Gen Re respectfully requests that the Court vacate the
Clarification, confirm the majority's Final Award, and deny Lincoln's Cross-Petition.

Dated:  February 2, 2016                      GENERAL RE LIFE CORPORATION


                                    By:    /s/ Brian A. Daley
                                           Marc J. Kurzman (ct01545)
                                           Brian A. Daley (ct24550)
                                           Carmody Torrance Sandak & Hennessey, LLP
                                           707 Summer Street
                                           Stamford, CT 06901
                                           mkurzman@carmodylaw.com
                                           bdaley@carmodylaw.com
                                           Tel: (203) 425-4200
                                           Fax: (203) 325-8608

                                           Eric A. Haab (phv07899)
                                           Foley & Lardner, LLP
                                           321 N. Clark Street, Suite 2800
                                           Chicago, IL 60654
                                           ehaab@Foley.com
                                           Tel: (312) 832-4362
                                           Fax: (312) 832-4300
                                           *Attorneys for Plaintiff*

## **CERTIFICATION OF SERVICE**

I hereby certify that on February 2, 2016, a copy of the foregoing was filed electronically via CM/ECF.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


_____/s/ Brian A. Daley_____
Brian A. Daley