IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| GENERAL RE LIFE CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 3:15-cv-01860-VAB |

**GENERAL RE LIFE CORPORATION'S MEMORANDUM IN SUPPORT OF ITS
<u>MOTION FOR RECONSIDERATION OR CLARIFICATION</u>**

  General Re Life Corporation ("General Re") respectfully requests that the Court reconsider or clarify that portion of its March 31, 2017 Order (the "Order") granting Lincoln National Life Insurance Company's ("Lincoln") Motion to Enter Judgment ("Motion," Dkt. Nos. 45, 46).[1] To the extent that the Court's Order can be interpreted to direct entry of judgment in favor of Lincoln for a sum certain (███████████████████████████████), such an order would be improper. There was no basis in the record to resolve factual disputes regarding the proper calculation of Lincoln's recapture claim under the Clarification of Final Arbitration Award ("Clarified Final Award"), and the Court did not address in its Order the basis upon which Lincoln's recapture claim could be liquidated in any specific amount, let alone the amount sought by Lincoln in its Motion. ███████████████████████████████████████
███████████████████████████████████████████ Accordingly, General Re

---

[1] As detailed in General Re's contemporaneously filed Motion to Seal, there are compelling reasons to file this Memorandum under seal. Accordingly, General Re has publicly filed a redacted Memorandum, and has filed an unredacted version conditionally under seal.

respectfully requests that the Court amend its Order to either (i) deny the Motion without prejudice pending further proceedings before the arbitration panel to resolve the parties' dispute regarding the proper calculation of Lincoln's recapture claim, or (ii) clarify that what the Court intended was to have judgment entered in favor of Lincoln solely confirming the Clarified Final Award ███████████████████████████████████████████████

███████████████████████████████████████████

## I. Relevant Procedural Background

As the Court accurately recounted in its Order, the parties arbitrated before a panel of three arbitrators, *inter alia*, the manner in which Lincoln could recapture under the terms of the parties' Automatic Self-Administered YRT Reinsurance Agreement. The arbitration panel issued a Final Arbitration Award ("Final Award") on July 1, 2015, and subsequently issued the Clarified Final Award on November 19, 2015. Neither the Final Award nor the Clarified Final Award awarded recapture in a sum certain to either side. General Re petitioned this Court to confirm the Final Award and vacate the Clarified Final Award. (Dkt. Nos. 1, 3, and 7.) Lincoln Cross-Petitioned the Court to Confirm the Clarified Final Award. (Dkt. Nos. 21, 22.)

Following the conclusion of the briefing of General Re's Petition and Lincoln's Cross-Petition, Lincoln filed its Motion to Enter Judgment.  Even though the parties had not yet presented the arbitrators with any claim for an amount certain under the new recapture methodology set forth in the Clarified Final Award, ████████████████████████████

████████████████████████ ███████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████ These factual disputes have yet to be presented to the arbitrators for resolution because the parties first needed to ascertain whether the Court would confirm or vacate the new recapture methodology decreed for the first time in the Clarified Final Award.

The Court's Order does not address the parties' respective arguments regarding whether Lincoln's Motion could be granted given this procedural posture.  Whereas the Court's Order discusses at length every argument made in the parties' motions regarding the Clarified Final Award, in contrast the Court's Order does not attempt to resolve the parties' dispute over the proper calculation of the recapture payment. ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████.[2]

---

[2] The Court in fact appears elsewhere in the Order to refrain from taking a firm position on the exact dollar amount of the recapture payment, stating that "the Clarification resulted in *$17 million or more* in additional liability from General Re to Lincoln." (Order at 27 (emphasis added); *see also Id*. at 8, 9 n.6.)

4818-5288-1734.5

**II.     The Court Should Amend Its Order To Deny Without Prejudice the Motion to Enter Judgment, or to Clarify that Judgement Should Enter In Favor of Lincoln Confirming the Clarified Final Award.**

Local Rule of Civil Procedure 7(c) permits the filing of motion for reconsideration. This Court has properly recognized that such motions should not be used to "reconsider issues already examined*.*" *Driessen v. Royal Bank Int'l*, No. 3:14-CV-01300 VAB, 2015 WL 881205 (D. Conn. Mar. 2, 2015). Such a motion is appropriate, however, when there is need to correct clear error or prevent manifest injustice. *Id*. The latter circumstances exist here.

As an initial matter, there is no basis in the record that could have enabled the Court to resolve the parties' factual dispute over how to calculate the recapture payment under the Clarified Final Award. █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Such a result would be inconsistent with the essential reasoning of the Court's Order, in which the Court repeatedly emphasized the need for

deference to the arbitration panel's ruling and to the parties' agreement to submit their dispute to arbitration rather than a court. (*See, e.g.*, Order at 9-10, 12, 21-22, 28.)

### III. Relief Requested

Accordingly, General Re respectfully submits that this Court should amend its Order so as to deny Lincoln's Motion without prejudice and remand this matter to the arbitration panel for resolution of the parties' dispute over the calculation of the recapture payment under the Clarified Final Award.  Alternatively, the Court should clarify that judgment should enter in favor of Lincoln confirming the Clarified Final Award, but that judgment should not enter at this time in an amount certain.

                                        Respectfully submitted,

Dated:  April 7, 2017            GENERAL RE LIFE CORPORATION

                                  By:  /s/ Brian A. Daley
                                        Marc J. Kurzman (ct01545)
                                        Brian A. Daley (ct24550)
                                        Carmody Torrance Sandak & Hennessey, LLP
                                        707 Summer Street
                                        Stamford, CT 06901
                                        mkurzman@carmodylaw.com
                                        bdaley@carmodylaw.com
                                        Tel: (203) 425-4200
                                        Fax: (203) 325-8608

                                        Eric A. Haab (phv07899)
                                        Foley & Lardner, LLP
                                        321 N. Clark Street, Suite 2800
                                        Chicago, IL 60654
                                        ehaab@Foley.com
                                        Tel: (312) 832-4362
                                        Fax: (312) 832-4300
                                        *Attorneys for Plaintiff*

4818-5288-1734.5

## **CERTIFICATION OF SERVICE**

I hereby certify that on April 7, 2017, a copy of the foregoing was filed electronically via CM/ECF.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

      /s/ Brian A. Daley
Brian A. Daley

4818-5288-1734.5