## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

GENERAL RE LIFE CORPORATION,

                Plaintiff,

v.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

                Defendant.

Civil Action No.:  3:15-cv-01860-VAB

April 18, 2017

### THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO GENERAL RE LIFE CORPORATION'S MOTION FOR RECONSIDERATION OR CLARIFICATION

The Lincoln National Life Insurance Company ("Lincoln") submits this Memorandum in response to General Re Life Corporation's ("Gen Re") Motion For Reconsideration Or Clarification of the Court's March 31, 2017 Order granting Lincoln's Motion To Enter Judgment.  Gen Re's Motion should be denied for the following reasons:  (1) the Court correctly concluded that it should enter judgment because Article 9 of the Federal Arbitration Act requires the Court to enter judgment when requested to do so under the circumstances present in this case; (2) there is no bona fide factual dispute regarding the amount of the judgment; (3) there is no "manifest injustice" in entering judgment for Lincoln; and (4) there is no other basis for reconsideration.

### The Federal Arbitration Act Compels The Entry Of Judgment

Because the Court affirmed the Award as Clarified, the Federal Arbitration Act compels the Court to enter judgment on the Award.  Section 9 of the Federal Arbitration Act provides, in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court **must** grant such an order unless the award is vacated, modified or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9 (emphasis added).  Article 10.3 of the Reinsurance Agreement giving rise to the Award provides, in pertinent part, "[e]ither party to the arbitration may petition any court having jurisdiction over the parties to reduce the decision [the Award] to judgment."[1]  Accordingly, having affirmed the Award as Clarified, the Court correctly entered Judgment in favor of Lincoln and against Gen Re.

Gen Re asserts, with no citation to authority, that the Court lacked jurisdiction to enter judgment on the Award.  Memorandum at 4 (counting from the first page of the unnumbered pages).  This argument is bizarre since Gen Re itself first invoked the jurisdiction of this Court to address the Award and did not contest the jurisdiction of the Court in its prior response to Lincoln's Motion for Entry of Judgment.  In any event, as set forth above, the Federal Arbitration Act not only conferred jurisdiction on this Court, it expressly directed the action taken by the Court in the exercise of its jurisdiction.

### There Is No Bona Fide Factual Dispute

In its Memorandum, Gen Re reiterates the three objections to Lincoln's calculation of the Judgment amount that it asserted in response to Lincoln's Motion to Enter Judgment.  The record before the Court establishes that, Gen Re's characterizations notwithstanding, there is no bona

---

[1]A true copy of the Reinsurance Agreement is attached as Exhibit 1 to the Declaration of Eric A. Haab in Support of Gen Re's Memorandum in Support of its Petition to Confirm the Final Arbitration Award and Vacate the Arbitrators' Purported Clarification of the Final Award (Doc. 3-1).

fide factual dispute regarding the calculation of the amount due Lincoln under the Award as Clarified and the Court properly granted Lincoln's Motion.[2]

As Lincoln pointed out in response to Gen Re's arguments when they were first asserted, Gen Re's objections are meritless and may be resolved by the Court for the following reasons:

1.  Gen Re argues that the Judgment amount is overstated ██████████████

████████████████████████████████████████

██████████████████████ In other words, Gen Re is ████████████████

████████████████████████████████████████

██████████████████████ Gen Re's position is contrary to the plain language of the Award. ████████████████████████

████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

██████████████████████████ The Court is fully capable of determining that Gen Re's asserted issue is completely unsupported by the Award as Clarified on the basis of the record before it, which includes both the Award and the Clarification; there is no further

---

[2] Lincoln's Motion and Proposed form of Order both asked for a single form of relief – judgment in the amount of ██████████. There is nothing requiring clarification about the Court's Order granting the Motion and Gen Re's Motion is devoted to requesting reconsideration.

"evidence" that is required and no "factual" dispute that requires further clarification from the
Panel.

2. Gen Re contends it is entitled ███████████████████████████████

███████████████████████████ Gen Re's position again is inconsistent with the

Award. ███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████ Again, the record before the Court provides

everything the Court needs to determine that Gen Re's objection is meritless; there is no further

"evidence" that is required and no "factual" dispute that requires further clarification from the

Panel.

3. Gen Re contends it is entitled to ███████████████████████

███████████████████████████████

███████████████████████████████ This bald

assertion, without more, is not sufficient to create an issue of fact and is properly disregarded by

the Court.

**There Is No Manifest Injustice In Entering Judgment For Lincoln**

To describe this case as extensively litigated would be an understatement.  This case

began with an arbitration demand on June 4, 2014, almost three years ago.  After a year of

4

discovery, extensive briefing and a lengthy arbitration hearing, the Panel entered the Award on

July 1, 2015.  Following further extensive briefing, the Panel entered the Clarification on

November 19, 2015.  The litigation before this Court then ensued, with Petitions and Cross-

Petitions, the Motion to Enter Judgment and Gen Re's Opposition thereto, and extensive briefing

on all issues.  Simply put, the time for Gen Re to step up to its obligations and pay the amount

awarded to Lincoln has come and Gen Re's efforts to protract this litigation even further should

not be countenanced.

      Although Gen Re characterizes its Motion for Reconsideration as necessary to "prevent

manifest injustice", its argument is noticeably lacking any description of what that "manifest

injustice" is other than the fact that Gen Re is now going to have to abide by a final arbitration

award it does not like.  This is not a manifest injustice.  See Agway, Inc. v. Travelers Indem. Co.,

No. 93-CV-557, 1994 WL 16198189, at *1 (N.D.N.Y. Jan. 24, 1994) (explaining party relying

on manifest injustice argument "must demonstrate that the court overlooked controlling

decisions or factual matters that were put before the court in the underlying motion [subject to

the motion for reconsideration]"); see also Mohammadi v. Islamic Republic of Iran, 947 F. Supp.

2d 48, 78 (D.D.C. 2013) ("'manifest injustice' must entail at least (1) a clear and certain

prejudice to the moving party that (2) is fundamentally unfair in light of governing law"), aff'd,

782 F.3d 9 (D.C. Cir. 2015); Tri–State Truck Ins., Ltd. v. First Nat'l Bank of Wamego, 2011 WL

4691933, at *3 (D. Kan. Oct. 6, 2011) (explaining party may only be granted reconsideration

based on manifest injustice if complained-of error "is apparent to the point of being indisputable"

(internal quotation omitted)).

      Gen Re's failure to cite to any other decision in which a court granted reconsideration

under circumstances comparable to those in the instant case is telling.

## <u>There Is No Other Basis For Reconsideration</u>

As Gen Re acknowledges, a Motion for Reconsideration is not permitted simply to rehash issues already examined.  Memorandum at 4.  Courts have repeatedly observed that the standard for granting a motion for reconsideration is "strict" and that it is "not appropriate to use a motion to reconsider solely to re-litigate an issue already decided."  <u>Travelers Indem. Co. v. Longview Fibre Co.</u>, No. 3:06cv1689 (SRU), 2007 WL 1827407 (D. Conn. June 22, 2007); <u>accord</u> <u>Smith v. New York Department of Ed.</u>, 524 Fed. Appx. 730 (2nd Cir. 2013); <u>Lichtenberg v. Besicorp Group Inc.</u>, 28 Fed. Appx. 73 (2d Cir. 2002); <u>Belz v. Peerless Indem. Co.</u>, No. 3:13-cv-01315 (VAB), 2016 WL 6542828 (D. Conn. Nov. 3, 2016) (Bolden, J.); <u>Delgado v. City of Stamford</u>, No. 3:11-cv-01735, 2016 WL 81786 (D. Conn. Jan. 7, 2016) (Bolden, J.); <u>Cowles v. McHugh</u>, No. 3:13-cv-1741 (JCH), 2014 WL 5668543 (D. Conn. Nov. 4, 2014); <u>Rand-Whitney Containerboard Limited Partnership v. Town of Montville</u>, No. 396-cv-413 (HBF), 2005 WL 2416094 (D. Conn. Sept. 30, 2005).  Here, Gen Re makes no arguments that it did not make previously in response to Lincoln's Motion to Enter Judgment, proffers no new evidence and cites to no new authorities.  Gen Re's Motion for Reconsideration or Clarification should be denied.

For the foregoing reasons, Lincoln requests that the Court deny Gen Re's Motion For Reconsideration Or Clarification.

Respectfully submitted,

<u>/s/ James T. Shearin</u>
James T. Shearin (CT 01326)
PULLMAN & COMLEY, LLC
850 Main Street
Bridgeport, CT 06601
Tel. (203)330-2000

Fax (203)576-8888
Jshearin@pullcom.com

Paul M. Hummer (phv07928)
Joseph C. Monahan (phv07929)
Amy L. Piccola (phv07927)
SAUL EWING LLP
1500 Market Street
Philadelphia, PA 19002
Tel. (215) 972-7777
Phummer@saul.com
jmonahan@saul.com
apiccola@saul.com

*Counsel to The Lincoln National
Life Ins. Co.*

Dated: April 18, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2017, a copy of the foregoing *Memorandum In Opposition To General Re's Motion For Reconsideration or Clarification* was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Dated: April 18, 2017                          */s/ James T. Shearin*
                                                      James T. Shearin