UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GENERAL RE LIFE CORPORATION,
    Plaintiff,

v.

LINCOLN NATIONAL LIFE INSURANCE COMPANY,
    Defendant.

No. 15-cv-1860 (VAB)

**RULING AND ORDER**

General Re Life Corporation ("General Re" or "Plaintiff") has timely moved for reconsideration or clarification, ECF No. 57, of the Court's March 31, 2017 order, ECF No. 56, denying General Re's motion to confirm the final arbitration award and vacate the arbitrators' clarification of the final award, ECF No. 1; granting Lincoln National Life Insurance Company's ("Lincoln" or "Defendant") cross-petition to confirm the arbitration award as clarified, ECF No. 22; and granting Lincoln's motion for judgment, ECF No. 45.

For the reasons that follow, General Re's motion for reconsideration is **DENIED** and the motion for clarification, ECF No.57, is **DENIED** as moot. Specifically, there is no basis for the Court to reconsider and amend its earlier order. In granting the cross-petition to confirm the arbitration award as clarified and granting Lincoln's motion for judgment, the Court did not – indeed, it could not, as a matter of law – issue a judgment for a sum certain.[1] Because the Court lacked the authority to issue a judgment for a sum certain, there is no need for the Court to

---

[1] General Re's motion requests that the Court take one of two approaches and either (1) "reconsider and amend" the original order "to the extent [it] may be interpreted to direct entry of judgment in Lincoln's favor in an amount certain," or (2) clarify that judgment should enter in Lincoln's favor confirming the [Clarification], but that judgment should not enter at this time in an amount certain." Motion for Clarif. At 1, ECF No. 57.

1

clarify whether it did – it did not and could not – thus, the motion for clarification is denied as moot.

I. **BACKGROUND**

The factual background of this case is explained in greater detail in the Court's previous order. *See* Ruling and Order at 1-8, ECF No. 56.

This case arises out of a dispute regarding whether the Court should confirm a Final Arbitration Award (the "Final Award") that a panel of arbitrators issued on July 1, 2015 or the subsequent Clarification of Final Arbitration Award (the "Clarification") that the same panel of arbitrators, with a different majority, issued on November 19, 2015. The parties in this case each requested that the Court confirm either one of the Final Award or the Clarification and to vacate the other under Sections 9 and 10 of the Federal Arbitration Act ("FAA").

The Court's previous order denied General Re's motion to confirm the Final Award and vacate the Clarification, granted Lincoln's cross-petition to confirm the Clarification, and granted Lincoln's motion for judgment in its favor. *Id.* at 1, 29. The Clarification describes the methodology for how recapture payments should be calculated, but does not contain calculations or specify a sum certain that is due from one party to another. *See generally* Clarification, ECF No. 7-19. The Clarification further provides that the arbitrators "shall continue to retain jurisdiction over this matter to the extent necessary to resolve any remaining dispute over the calculation and payment of the amounts related to recapture." *Id.* at 4.

Lincoln's motion for judgment had, in addition to requesting that the Court affirm the Clarification, requested that the Court enter judgment in the amount of $18,349,338 due from General Re to Lincoln. *See* Unredacted Motion for Judgment at 1, ECF No. 46. Lincoln supported its request for judgment in a sum certain with a declaration that indicated that a

2

Lincoln employee had performed analysis and calculations indicating that the Clarification would require General Re to pay such an amount, but without detailing the calculations and analysis resulting in this number.  *See generally* Stankiewicz Decl., ECF No. 46-2.  General Re's opposition to Lincoln's motion for judgment indicated that, in the event that the Court affirmed the Clarification instead of the original Final Award, General Re also disagreed with Lincoln's calculation of the sum certain that would be due to Lincoln.  *See* Oppos. at 2, ECF No. 49.  The Court's previous order granted Lincoln's motion for judgment, but did not specify that judgment should be for any sum certain.  *See generally* Ruling and Order.

General Re now moves for reconsideration or clarification of the Court's previous order.  Specifically, General Re requests that, "to the extent that the Court's Order may be interpreted to direct entry of judgment in Lincoln's favor in an amount certain, the Court . . . amend this portion of its Order to deny Lincoln's Motion without prejudice" or, in the alternative, that the "Court should clarify that judgment should enter in Lincoln's favor confirming the [Clarification], but that judgment should not enter at this time in an amount certain."  Motion for Clarif. At 1, ECF No. 57.

**II.    STANDARD OF REVIEW**

The standard for granting a motion for reconsideration is strict. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995).  It is well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir.2012) (internal quotation marks and citation omitted); *see also Stoner v. Young Concert Artists, Inc.*, No. 11–CV–7279, 2013 WL 2425137, at *1 (S.D.N.Y. May 20, 2013) ("'A motion for reconsideration is an extraordinary remedy, and

this Court will not reconsider issues already examined simply because [a party] is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources.'") (alteration in original) (quoting *Matura v. United States*, 189 F.R.D. 86, 90 (S.D.N.Y.1999)).

"A motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir.2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992)). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

### III.  DISCUSSION

Lincoln's unredacted motion for judgment, ECF No. 46, requested that the Court enter judgment in Lincoln's favor, both by affirming the Clarification as well as entering judgment in Lincoln's favor against General Re in the amount of $18,349,338.  The Court's previous order, ECF No. 56, which granted the motion for judgment in that the Clarification was affirmed instead of the original Final Award, did not enter judgment in Lincoln's favor in an amount certain.  It did not because the Court lacks the authority to do so.

Because the parties moved to confirm either the original Final Award or the Clarification under Section 9 of the FAA, Sections 10, and 11 of the FAA provide the exclusive grounds for this Court's vacatur or modification of the Clarification as written by the arbitrators. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586-87 (2008) (explaining that where courts review

arbitration awards under Section 9 of the FAA the statute "compels a reading of the §§ 10 and 11 categories as exclusive").  Section 9 of the FAA provides, in relevant part, that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in [9 U.S.C. §§ 10 and 11].

9 U.S.C. § 9.  Section 11 lays out the exclusive, narrow instances in which a district court "may make an order modifying or correcting the award," none of which are relevant here.  9 U.S.C. § 11.

While a Court "must grant . . . an order" confirming an arbitration award unless it is "vacated, modified, or corrected," 9 U.S.C. § 9, under the exclusive and narrow grounds allowed in Sections 10 and 11 of the FAA, the Court cannot go beyond the text of an award, in this case the Clarification, to enter judgment in a sum certain if the arbitrators' award does not provide for one.  *See Rich v. Spartis*, 516 F.3d 75, 83 (2d Cir. 2008) (holding that to the extent that an arbitration award is ambiguous the district court should remand it "to the arbitration panel for clarification"); *Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007) (explaining that the Second Circuit "has repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process").

Because the Clarification, which the Court confirmed in the previous order, ECF No. 56, does not provide for any sum certain to be due from General Re to Lincoln, or Lincoln to General Re, the Court had no authority to do so in the arbitrators' stead.  Thus, while judgment entered in Lincoln's favor, the confirmation of the Clarification, instead of the original Final Award, is not a judgment for a sum certain.

5

In any event, the record before the Court provided no basis for the Court to resolve the factual disputes between General Re and Lincoln regarding the proper calculation of the amounts that were due under the Clarification.  *See* Pl.'s Br. at 1-2, ECF No.59.  While Lincoln and General Re had both set forth the numbers they believed were ultimately owed by General Re to Lincoln under the recapture methodology outlined in the arbitrators' Clarification, the only information offered in support of both figures were bare-bones declarations from an employee of each party that did not provide detailed information as to the calculations and analysis that supported either amount, nor the specific reasons why the two parties' calculations differed.  *See generally* Stankiewicz Decl.; Greenwood Decl., ECF No. 49-1.  As a result, on this record, the Court could not enter judgment for a sum certain.

### III.  CONCLUSION

For the foregoing reasons, General Re's motion for reconsideration is **DENIED** and the motion for clarification is **DENIED** as moot.  The judgment in this case enters in Lincoln's favor, in that the Court confirms the arbitrators' Clarification, but the judgment is not for a sum certain.

The Clerk of the Court is directed to enter judgment accordingly and to close this case.

SO ORDERED at Bridgeport, Connecticut, this 18th day of July, 2017.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge